UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WIMBER,<br><br>    Plaintiff,<br><br>v.<br><br>STEWART COUNTY,<br><br>    Defendant. | Case No. 3:17-cv-01244<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Newbern |

To:  The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

On November 30, 2016, Plaintiff James D. Wimber was arrested and booked into the Stewart County Jail. Wimber alleges that, while housed there, his medical needs were routinely ignored, leading to a five-day hospitalization. Further, Wimber alleges that, because of the Jail's neglect, his asthma turned into chronic obstructive pulmonary disease (COPD).

Now pending is a motion for summary judgment filed by the sole defendant in this action, Stewart County. (Doc. No. 95.) Wimber has not responded to Stewart County's motion, nor has he responded to the Court's order to show cause why his case should not be dismissed for his failure to prosecute. Wimber also has failed to keep the Court informed of a valid address. For the reasons that follow, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for Wimber's failure to prosecute or to comply with the Court's orders.

**I.  Procedural and Factual Background**

On September 11, 2017, Wimber filed a complaint for violation of his civil rights under 42 U.S.C. § 1983 against Stewart County. (Doc. No. 1.) Wimber alleges that Stewart County violated his Eighth Amendment rights by deliberately failing to provide him with adequate medical

1

care. (*Id.* at PageID# 5.) Specifically, Wimber alleges that, while he was detained at the jail his "asthm[]a . . . started to act up." (*Id.*) Wimber states that he was given an inhaler at least initially and eventually saw a doctor, but he alleges that the doctor "did not properly listen to [him] or [do] anything to properly address [his] on[-]going problem." (*Id.*) Wimber alleges that he was forced to wait for medical assistance until he was "gasping for air and needing more than a[n] inhaler." (*Id.* at PageID# 6.)

Eventually, Wimber was hospitalized for five days in intensive care and placed on oxygen. (*Id.*) Wimber was told by a deputy that he had to leave the hospital on the third day he was there, but the "doctor said 'No'." (*Id.* at PageID# 7.) On Wimber's fourth day in the hospital, "the deputy urged the doctor to release" him, but when he was taken off oxygen, he "went into distress" and the doctor again refused to release him. (*Id.*) On the fifth day, the doctor agreed to release Wimber but advised the deputy that Wimber would not be released without his prescribed medication. (*Id.*) Wimber alleges that "[t]he deputy said that he could not get [Wimber's medication] and [Wimber] was not staying at the hospital because [the deputy] was told to return [Wimber] to jail." (*Id.*)

Wimber was allowed to call his mother, who agreed to get the medication that the doctor had prescribed. (*Id.* at PageID# 7–8.) Wimber's mother delivered the medication and a nebulizer to the jail. (*Id.* at PageID# 8.) Wimber states that the jail "refused the equipment and [his] treatments . . . so [he] was forced to make bond and could not remain there without fear of death due to refusal of medical attention." (*Id.*) Wimber alleges that "[t]hey still don't have equipment for asthm[]a or COPD inmates" and therefore "are continuing to neglect and abuse anyone who has COPD or asthm[]a." (*Id.* at PageID# 8–9.) Wimber alleges that the denial of medical care caused his asthma to worsen into COPD. (*Id.* at PageID# 9.)

After its initial screening under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), the Court ordered service of the complaint on Defendant Stewart County. (Doc. No. 3.) Before Stewart County was served, Wimber filed three motions for discovery and a motion to amend his complaint that did not include a proposed amended pleading.[1] (Doc. Nos. 4, 6, 7, 9.) The Court entered a scheduling order (Doc. No. 16), denied Wimber's motions for discovery because they were filed prematurely (Doc. No. 17), granted his motion to amend, and directed Wimber to file a proposed amended complaint by December 15, 2017 (Doc. No. 18).

Wimber did not file a proposed amended complaint as directed by the Court. Instead, he disappeared. Between December 14, 2017, and January 29, 2018, three mailings sent to Wimber at the jail were returned to the Court as undeliverable (Doc. Nos. 20, 22, 23) because Wimber had, apparently, been transferred to another jail, then released (*see* Doc. No. 21). The Court issued an order directing Wimber to file a notice of his current mailing address by January 29, 2018, and warned him that his failure to do so would result in a recommendation that his case be dismissed.[2] (*Id.*) On January 29, 2018, Wimber called the Clerk's Office and provided a current address, but did not file a notice of his address change. The Court again directed Wimber to file a notice, to serve a copy of it on Stewart County, and not to call the Court in response to its orders. (Doc. No. 24.)

---

[1]   Local Rule 15.01 requires, among other things, that a party moving to amend a pleading append, as an exhibit to a motion to amend, a "signed proposed amended pleading." M.D. Tenn. R. 15.01(a)(1) (motions to amend pleadings).

[2]   Although it is Wimber's duty to keep the Court informed of his whereabouts, the Court directed the Clerk's Office to serve its order on Wimber at three different addresses—the Stewart County Jail; the Montgomery County Jail, where it appeared he may have been transferred; and his mother's residential address. (Doc. No. 21.)

From January 29, 2018, to April 16, 2018, the case lay dormant. On April 17, 2018, Wimber began filing documents at a rapid pace. From April 17, 2018, to June 8, 2018, Wimber filed thirty-three motions addressing discovery and his attempts to amend the complaint. (Doc. Nos. 26–27, 29–40, 42–45, 47–51, 53–54, 56–57, 60–61, 63, 65–68, 71, 73–74, 76, 78–79.) Wimber also filed multiple letters and notices. (Doc. Nos. 27–28, 46, 52, 55, 58–59, 62, 64, 70, 72, 75, 77.) The Court held a telephonic status conference with the parties on June 20, 2018, to stop the deluge. The Court ordered Wimber to file a single motion to amend his complaint and a proposed amended complaint including all of his claims by June 27, 2018. (Doc. No. 83.) In response, Wimber filed five motions to amend and no proposed amended complaint (Doc. Nos. 84–85, 87, 88, 91). The Court denied the motions to amend on grounds that, without the inclusion of a proposed amended complaint, there was no way for the Court to determine whether Wimber's motions pass muster under Federal Rule of Civil Procedure 15. (Doc. No. 101, PageID# 665.)

In the interim, Stewart County filed a motion for summary judgment based on the allegations of Wimber's original complaint, which remains the operative pleading in this action. (Doc. No. 95.) Wimber did not file a timely response. On December 6, 2018, the Court ordered Wimber to show good cause why it should not recommend that summary judgment be entered in favor of Stewart County for the reasons stated in its motion. (Doc. No. 100.) Wimber again did not respond. Instead, it appears that he once again changed residences and failed to provide the Court with a valid address.[3] (Doc. Nos. 102–04.) This is so despite the Court repeatedly directing him to keep the Clerk's Office informed of his current address (Doc. Nos. 3, 16, 21) and warning him that

---

[3] According to Angie Lemons, Stewart County Jail Administrator, Wimber was released from the Stewart County Jail on July 9, 2018. (Doc. No. 99, PageID# 606.)

failure to respond to Stewart County's motion would likely result in this case being dismissed (Doc. No. 100).

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980));

*see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the pro se party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). Where, as here, noncompliance with a local rule is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b). The four relevant factors show a record of undue delay and failure to comply with the Court's orders by Wimber.

#### A. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct

on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Wimber has been active in this litigation, but only sporadically. His ultimate failure to keep the Court apprised of his current address or otherwise participate in this litigation since July 2018 therefore appears to be by choice. "Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se prisoner plaintiff's failure to return service packets or respond to show cause order "to his own willfulness or fault"). This factor therefore supports dismissal.

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Here, Stewart County has filed a motion for summary judgment that is supported by a memorandum of law and documentary evidence. (Doc. Nos. 95–99.) That briefing required an outlay of resources that supports a finding of prejudice to Stewart County. This factor therefore also supports dismissal.

C.     **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Wimber that failure to respond to its show cause order could result in a recommendation that his claims be dismissed. (Doc. No. 100.) The Court also previously warned Wimber that failure to keep the Clerk's Office informed of his current address would jeopardize his prosecution of this action. (Doc. Nos. 3, 16, 21.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

D.     **Appropriateness of Other Sanctions**

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

IV.     **Recommendation**

Considering these four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of February, 2019.

							ALISTAIR E. NEWBERN
							United States Magistrate Judge